IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


**MYRA CATHERINE SOLLIDAY,**

    **Plaintiff,**

vs.                                    Case No. 4:07cv363-RH/WCS

**OFFICER SPENCE, et al.,**

    **Defendants.**

_____/

## REPORT AND RECOMMENDATION

On May 8, 2008, Defendant Knight (who is *pro se*) filed a motion to dismiss the *pro se* Plaintiff's second amended complaint (doc. 36) for failure to state a claim. Doc. 47. Plaintiff, a *pro se* federal prisoner, was directed to respond to the motion, doc. 48, and her response was filed on May 30, 2008. Doc. 51. This report and recommendation addresses only the motion to dismiss filed by Defendant Knight, and does not effect the provisions of the Initial Scheduling Order, doc. 49, entered on May 16, 2008. Doc. 49.

**Standard of Review**

Dismissal of a complaint, or a portion thereof, pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted should not be ordered unless it appears beyond doubt that Plaintiff can prove no set of facts in support of her

claims which would entitle her to relief. Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). A court must accept the factual allegations of the complaint as true. Shotz v. American Airlines, Inc., 420 F.3d 1332, 1334-35 (11th Cir. 2005). "*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998).

> Federal Rule of Civil Procedure 8(a)(2) . . . provides that a complaint must include only "a short and plain statement of the claim showing that the pleader is entitled to relief." Such a statement must simply "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

Swierkiewicz v. Sorema, 534 U.S. 506, 122 S.Ct. 992, 998, 152 L.Ed.2d 1 (2002) ("Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions.").

> If a pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant can move for a more definite statement under Rule 12(e) before responding. Moreover, claims lacking merit may be dealt with through summary judgment under Rule 56.

122 S.Ct. at 998-999. Thus, the motion to dismiss is reviewed in the light most favorable to the non-moving party, which in this case is the Plaintiff, to determine whether Defendant Knight has demonstrated Plaintiff "can prove no set of facts in support of [her] claim which would entitle [her] to relief." Chepstow Ltd. v. Hunt, 381 F.3d 1077, 1080 (11th Cir. 2004), *quoted in* Kirwin v. Price Communications Corp., 391 F.3d 1323, 1325 (11th Cir. 2004).

**Allegations of the complaint regarding Defendant Knight**

Plaintiff alleged that Defendant Knight began "harassing" her in "late 2004, early 2005." Doc. 36, p. 5, ¶ 10. Plaintiff stated that when Defendant Knight "worked the compound," he "would always stop [Plaintiff] and pat [her] down." *Id.* She alleged that he would "run his hands slowly over [her] body, [her] rib cage, under [her] bra, waist, stomach, hips, down [her] legs, then back up." *Id.* Plaintiff stated that the pat downs "would always appear to be regular procedure, but it didn't feel regular." *Id.* Plaintiff alleged that when Defendant Knight had a metal detector, he would make comments "about playing with sex toys." *Id.* Plaintiff alleged that Defendant would bring her mail to her room, and would sit and talk with her. *Id.* She alleged that Defendant Knight would always pat her down when she came into the unit. *Id.* She said he would sometimes be waiting in Plaintiff's room when she would come out of the shower, and would make comments during pat down searches about how much he liked touching her body.[1] *Id.* He would touch her legs and "started going higher up," and "always wanted me to touch his penis." *Id.* He then "stated talking about oral sex . . . ." *Id.* Defendant Knight allegedly told Plaintiff that he would somehow arrange to be alone with her, and "said that he had ways of making it happen." *Id.* Plaintiff also stated that Defendant Knight "sat in on a counseling meeting" she had, suggesting to her that she "couldn't get away from him" and telling Plaintiff that the administrative staff "always did what he wanted them to do." *Id.*, at 5-6. Plaintiff states that he made it clear that inmates who "gave him a hard time" would be harassed and tormented and "staff would

---

[1] Plaintiff also made a broad allegation of being "sexually abused" by the Defendant prison officers. Doc. 36, p. 8.

back him up." *Id.*, at 6. Plaintiff alleged that the "corrupt officers had a network within the prison." *Id.*

**Legal analysis**

Defendant Knight's motion to dismiss the second amended complaint asserts that Plaintiff failed to state a cause of action because she admits that the "pat searches" conducted by Defendant Knight "appeared to be regular procedure." Doc. 47. Defendant argues that Plaintiff alleged no sexual contact between Plaintiff and Defendant Knight, and no physical contact beyond the pat searches. *Id.* Defendant Knight also states that Plaintiff did not specify dates and times of the harassment and, evidently, did not report the events. *Id.* Defendant contends that Plaintiff's allegations of a coerced, "quid pro quo" arrangement do not "sustain a sexual harassment claim" and show, at worst, that Defendant Knight may be considered "unprofessional," but not unconstitutional. *Id.*

Plaintiff's claim, as a sentenced prisoner, is primarily based upon the Eighth Amendment.[2] Doc. 36, p. 10, ¶ 31. "[B]ecause the sexual harassment or abuse of an inmate by a corrections officer can never serve a legitimate penological purpose and may well result in severe physical and psychological harm, such abuse can, in certain circumstances, constitute the 'unnecessary and wanton infliction of pain' forbidden by the Eighth Amendment." Freitas v. Ault, 109 F.3d 1335, 1338 (8th Cir. 1997), *quoting* Whitley v. Albers, 475 U.S. 312, 319, 106 S.Ct. 1078, 1084, 89 L.Ed.2d 251 (1986) (quoting Gregg v. Georgia, 428 U.S. 153, 173, 96 S.Ct. 2909, 2925, 49 L.Ed.2d 859

---

[2] Defendant's citation to Trautvetter v. Quick, 916 F.2d 1140 (7th Cir. 1990) is not on point. That is an employment case, brought in the context of Title VII and does not address sexual harassment as a civil rights claim.

(1976)), and *citing* <u>Boddie v. Schnieder</u>, 105 F.3d 857, 860-61 (2d Cir. 1997); <u>Harris v. Ostrout</u>, 65 F.3d 912, 915-16 (11th Cir. 1995) (per curiam); and <u>Jordan v. Gardner</u>, 986 F.2d 1521, 1524-25 (9th Cir. 1993) (en banc).  It is not necessary to find explicit sexual acts were committed to find that an inmate was subjected to sexual harassment.  *See* <u>Watson v. Jones</u>, 980 F.2d 1165, 1165-66 (8th Cir. 1992) (allegations that prison guard performed almost daily pat-down searches for approximately two months, consisting of tickling and "a deliberate examination of the genital, anus, lower stomach and thigh areas" were sufficient to withstand summary judgment motion).

    Plaintiff has more than adequately alleged an Eighth Amendment claim.  She has alleged that Defendant Knight slowly patted her down every time she came into the unit, that he touched her under her bra, told her how much he liked touching her, wanted her to touch his penis, and asked her to have oral sex with him.

    A motion to dismiss is not the appropriate method to deal with lack of detail as to dates and times.  If Defendant is unable to respond to Plaintiff's allegations because the information in the complaint is insufficient, a motion for a more definite statement may be filed as permitted by FED. R. CIV. P. 12(e).

**Conclusion**

    In light of the foregoing, it is respectfully **RECOMMENDED** that Defendant Knight's motion to dismiss, doc. 47, be **DENIED**, and the case be **REMANDED** to the undersigned for further proceedings.

    **IN CHAMBERS** at Tallahassee, Florida, on June 11, 2008.

                      s/     William C. Sherrill, Jr.
                        **WILLIAM C. SHERRILL, JR.**
                        **UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**