**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

MYRA CATHERINE SOLLIDAY,

       Plaintiff,

v.                                     CASE NO.  4:07cv363-RH/WCS

OFFICER SPENCE et al.,

       Defendants.

_____/

**ORDER REQUIRING THE GOVERNMENT TO BEAR THE
COST OF TRANSPORTING THE PLAINTIFF TO THE
TRIAL AND REQUIRING THE CLERK TO PROVIDE THE
<u>PLAINTIFF FREE ACCESS TO A RELATED DOCKET</u>**

The plaintiff is a federal prisoner who asserts she was sexually abused by Bureau of Prisons correctional officers.  A writ of habeas corpus ad testificandum has been issued requiring the plaintiff to be brought to court for the trial.  The United States Marshals Service has demanded that the plaintiff's attorney personally pay the cost of the transportation.  He has moved to be relieved from the requirement.  This order grants the motion.

The government successfully prosecuted multiple correctional officers at the Federal Correctional Institution–Tallahassee for having sex with inmates.  The

plaintiff was not a victim of the sexual abuse at issue in the prosecution, but she was a potential witness.  She apparently was held in the special housing unit for a time and eventually transferred to a different facility as a result of these events.

The plaintiff brought this action alleging that she herself was subjected to sexual acts against her will by correctional officers at FCI–Tallahassee.  The plaintiff filed the case without an attorney.  After she survived a defense summary-judgment motion, *see* document 99, the court circulated a notice to members of the court's bar.  The notice indicated that the case would be proceeding to trial, and it invited attorneys to volunteer to represent the plaintiff without compensation—other than a possible fee award if the plaintiff ultimately prevailed.  Attorney David Frank took on the case.

In due course, the court, acting on its own motion, issued a writ of habeas corpus ad testificandum to secure the plaintiff's presence at the trial.  The writ was directed to the Warden of the facility where the plaintiff is incarcerated, to the Bureau of Prisons, and to the United States Marshals Service (the agency charged with transporting federal prisoners to trial).  No person has taken issue with the writ's listing of all three respondents, even though it is perhaps properly addressed only to the Warden, as the official with custody of the plaintiff.  The writ was directed to the three respondents in order to avoid any assertion that the proper respondent had not been named.

Without filing any paper in court challenging the writ or suggesting that it should not be required to comply without the prepayment of fees, the Marshals Service sent Mr. Frank a bill for the costs it expected to incur in executing the writ. The Marshals Service indicated it would not comply with the writ until the bill was paid.  The bill was for $1,768, the expense the Marshals Service expected to incur transporting and housing the plaintiff.

Mr. Frank has moved to waive the costs.  This order grants the motion and concludes that the appropriate governmental entity—the Warden, the Bureau of Prisons, or the Marshals Service—must bear the expense of executing the writ. The order takes no position on which of the three must ultimately bear the cost.

A federal court may issue a writ of habeas corpus ad testificandum when "[i]t is necessary to bring [a prisoner] into court to testify or for trial."  28 U.S.C. § 2241(c)(5).  The statute is "silent with regard to who pays the expenses of complying with writs of habeas corpus ad testificandum."  *Sales v. Marshall*, 873 F.2d 115, 119 (6th Cir. 1989); *see also Sampley v. Duckworth*, 72 F.3d 528, 529 (7th Cir. 1995).  Still, it is generally recognized that the government must shoulder the costs, not the plaintiff or the plaintiff's attorney.  *See Sampley*, 72 F.3d at 532-33; *Sales*, 873 F.2d at 119-20; *see also Bogan v. Honeycutt*, 884 F.2d 1392 (6th Cir. 1989) (unpublished table decision) (citing *Sales* and holding that "[e]xpenses incurred in transporting a prisoner-litigant to his civil trial may not be taxed as costs

against the prisoner-litigant"); *Wiggins v. County of Alameda*, 717 F.2d 466, 469

(9th Cir. 1983); *Story v. Robinson*, 689 F.2d 1176, 1178-79 (3d Cir. 1982)

(rejecting the government's argument that a "court cannot compel a non-party at its

own expense to transport prisoners"); *Palmer v. Simmons*, 6:04-CV-00075, 2007

WL 1052683, at *2-3 (S.D. Ga. Apr. 9, 2007) (noting that "governments, not

inmates, must bear inmate-transport costs"); 33A Fed. Proc. L. Ed. § 80:402 (2010)

("The district court is not authorized to tax as costs against a prisoner-litigant the

expense of transporting that person from prison to court, in compliance with a writ

of habeas corpus ad testificandum.").

Even if a court could, as a matter of discretion, shift the cost of executing a

writ to the plaintiff or the plaintiff's attorney, I would not do so in this case.

First, the plaintiff's claim arises from alleged misconduct of correctional

officers at the Tallahassee facility where she was housed.  The claim may or may

not be well founded, but the claim does not appear to be frivolous.  Indeed, the

government successfully prosecuted correctional officers from the same facility for

sexually abusing other inmates while the plaintiff was there.  The Bureau of Prisons

moved the plaintiff away from the facility apparently as a result of her involvement,

at least as a potential witness, in the events at issue in that prosecution.  Demanding

that the plaintiff bear the cost of her transportation back to Tallahassee, so that she

can attend the trial in her own case, seems especially inappropriate.

Second, asking Mr. Frank to bear the cost of the transportation is equally untenable.  He volunteered to take on the case in response to the court's invitation. To make Mr. Frank pay the cost would give new meaning to the phrase "no good deed goes unpunished."  And it would have the unfortunate effect of deterring attorneys from volunteering in future cases.  The government must bear the costs, just as it would have done if Mr. Frank had not volunteered.

Mr. Frank has also moved for free access to the electronic docket in the related criminal case.  This order grants the request.

For these reasons,

IT IS ORDERED:

1.  The plaintiff's motion (document 149) to waive specific costs is GRANTED.

2.  The Warden, the Bureau of Prisons, or the United States Marshals Service must comply with the writ of habeas corpus ad testificandum previously issued in this case (document 139) without shifting the cost to the plaintiff or her attorney.

3.  The clerk must provide Mr. Frank free access to the electronic docket in case number 4:06-cr-36.

SO ORDERED on March 2, 2010.

s/Robert L. Hinkle
United States District Judge